did not regard himself as a prior inventor to the original patentee, but that he did not even claim or pretend to be a joint inventor as is supposed by the respondent. He never made any such claim in his lifetime, and no such claim has been made by his legal representatives since his decease. Our conclusion is that the defence on this point is not made out.

The next objection to be noticed is, that the inventor abandoned his invention because his application for a patent, which was made April 12, 1855, was rejected February 6, 1856, and because he did not appeal at all or make any new application until the 25th of March, 1864. Strong doubts are entertained whether any new application was necessary; but if it was, it is believed to be well settled that the second application must be regarded as having been filed in aid of the first, on which the rejection took place. Godfrey v. Eames, 1 Wall. [68 U. S.] 317.

Actual abandonment is not satisfactorily proved; and it is not possible to hold that any use of the invention without the consent of the inventor, while his application for a patent was pending in the patent office, can defeat the operation of the letters-patent after they are duly granted. Such delays are sufficiently onerous to a meritorious inventor if his patent is allowed to have full operation after it is granted, but it would be very great injustice to hold that any delay which the inventor could not prevent, should under any circumstances affect the validity of his patent.

Another objection is, that the second reissued patent is not for the same invention as that described in the original specification. Comparing the two instruments, it is not perceived that there is any substantial difference between them in respect to anything embraced in the invention. The directions are more specific in the reissued patent, but there does not appear to be any such change in the description of the invention as will support the objection taken by the respondent.

Passing over certain minor objections, it only remains to ascertain whether the charge of infringement is maintained. Charge of the bill of complaint is, that the respondent has manufactured, used, and sold, and still continues to manufacture, use, and sell, many artificial gums and palates embracing the improvement and invention described in the letters-patent of the complainants. The reference in the supplemental answer is to the original answer, and it is the conclusion of the court that the latter, in legal contemplation, admits the charge of infringement. Complainants are entitled to a decree for an account and for an injunction.

[NOTE. The original patent No. 43,009, granted to J. A. Cummings, June 17, 1864, was involved in the case of Goodyear v. Hills. Case No. 5,571a. The reissue No. 1,904, dated March 21, 1865, was involved in the following cases: Goodyear Dental Vulcanite Co. v. Smith, Case No. 5,598, 93 U. S. 486; Same v. Davis, Case No. 5,589, 102 U. S. 222; Same v. Preterre, Case No. 5,596; Same v. Root, Id. 5,597; Same v. Willis, Id. 5,603; Same v. Flagg, Id. 5,590; Same v. Gardiner, Id. 5,591; Same v. Brightwell, McArthur & M. 74; Same v. Van Antwerp, Case No. 5,600; Same v Osgood, Id. 5,594.]

DENTON (MAGEE v.). See Case No. 8,943.
DENTON (PEABODY v.). See Case No. 10,-867.

## Case No. 3,811.

DENVER & R. G. RY. CO. v. ALLING.
[See Case No. 2,387.]

DENVER & R. G. RY. CO. (CANON CITY & S. J. RY. CO. v.). See Case No. 2,387.
DEPEW (HOLYOKE v.). See Case No. 6,-652.

## Case No. 3,812.

DEPOSIT SAV. ASS'N v. MARKS et al.

[3 Woods, 553;[1] 23 Int. Rev. Rec. 241; ·25 Pittsb. Leg. J. 3.] ·

Circuit Court, S. D. Georgia. June Term, 1877.

TAX ON STATE BANK NOTES.

Where a state bank, or state banking association, uses for circulation and pays out its own notes, such notes are liable to the tax of ten per cent. imposed by section 3412 of the Revised Statutes.

By section 3412 of the Revised Statutes of the United States, being a re-enactment of the sixth section of the act of March 3, 1865 [13 Stat. 484], as amended by act of July 13, 1866 [14 Stat. 146], it is provided that every national banking association, state bank, or state banking association, shall pay a tax of ten per centum on the amount of notes of any person, or of any state bank or state banking association, used for circulation and paid out by them. By the agreed state of facts in this case, it appeared that the plaintiff was an incorporated body, organized under a charter granted by the general assembly of Alabama; that the plaintiff was engaged in the business of receiving deposits and dealing in exchanges, and in the general business of banking, as authorized by said act, and that it was a bank or banker in the sense and meaning of section 3407 of the Revised Statutes of the United States, and that while engaged in such business, and between the 11th day of October and 13th November, 1873, the plaintiff issued a large amount of its own paper, in this form:

Deposit Savings Association of Mobile, Alabama.
Mobile, January 1st, 1873.
Will pay to bearer
Two Dollars
On return of this voucher.
L. C. Fry, Cashier.    M. S. Foote, President.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]